## CAMPBELL v. ERNEST.

*(Supreme Court, General Term, Second Department. December 14, 1891.)*

INJUNCTION—JUDGMENT DEBTOR—RESTRAINING TRANSFER OF PROPERTY.
    On granting leave to sue on a dormant judgment, it is error to enjoin defendant from making any transfer or disposition of his property, in the absence of an allegation that defendant threatens or is about to remove or dispose of his property with intent to defraud the plaintiff or any other creditor, or that he is about to sell or dispose of the same in any way.

Appeal from special term, Orange county.

Application by John J. Campbell for leave to sue William Ernest on a judgment, and for an injunction restraining him from disposing of his property.

---

From so much of the order granting the application as allows the injunction defendant appeals. Reversed.

An order was made on the affidavits of Campbell and his attorney to show cause why leave to sue on the judgment should not be granted, and in the mean time that Ernest be "forbidden to transfer or make any disposition of the property belonging to him not exempt by law from execution, or in any manner to interfere therewith until further order in the premises." Campbell in his affidavit averred that on July 7, 1875, he recovered judgment for the sum of $142.27, against William Ernest, which remains wholly unsatisfied; that said judgment was rendered upon the default of the defendant in appearing and answering after personal service of summons; that deponent never issued execution upon said judgment, for the reason that he was authoritatively informed and believed that said defendant was wholly without resources; that, as deponent is informed and believes, recently the defendant has become vested with a certain interest in real property descending to him as heir at law of his late father, and which interest is at the present time in litigation, in an action in partition to determine the same, and deponent desires to secure the payment of said judgment out of the share of said defendant in such real property; that deponent has fully and fairly stated the case to his counsel, and that he has a good, substantial, and meritorious cause of action upon the said judgment, as he is advised by his said counsel after such statement, and verily believes. The attorney averred in his affidavit that "an injunction restraining the defendant from transferring his property, or interest therein, is necessary, for the reason that the defendant might defeat the purposes of this motion, and avoid the payment of any judgment that may be obtained in an action founded upon the judgment herein, by a transfer of his property or interest therein before the hearing of this motion and determination of the action."

Argued before DYKMAN and PRATT, JJ.

*Esmond & Ward,* for appellant. *Strahan & McClung,* for respondent.

DYKMAN, J. This is an appeal from an order which gave leave to the plaintiff to bring an action against the defendant upon a judgment, and restrained the defendant from making any transfer or disposition of his property until further order in the premises; and it follows from the terms of the order that, if the court never makes a further order in the premises, the defendant can never sell any property belonging to him not exempt from execution, whether the plaintiff succeeds in this action or does not. Independently of this criticism, however, we think the injunction was improvidently made, and that no case was presented to the court which justified its issuance. There is no charge that the defendant threatens or is about to remove or dispose of his property with intent to defraud the plaintiff, or any other creditor, or that he is about to sell or dispose of the same in any way. The affidavit upon which the order was made alleges that the defendant has become vested with an interest in real property by descent from his father, and that the plaintiff desires to secure payment of his judgment out of the defendant in such real property. No charge is made that the defendant intends to do anything in violation of the rights of the plaintiff, and there is no case made which justifies the seizure of the property of the defendant. A rule which would uphold this order would justify the issuance of an injunction in every action on contract at the time of its commencement, if the plaintiff could make an affidavit that the defendant was the owner of property. The portion of the order appealed from which restrains the defendant from disposing of his property should be reversed, with $10 costs and disbursements.